## Guilford School District *versus* Zumbro.

1. A conscript enters the service compulsorily and in the absence of an express agreement there is no ground upon which the law can imply his consent to serve for an offered bounty.

2. A soldier was drafted March 18th and on the 25th the school board agreed " to levy a tax to give each drafted man who furnishes a substitute or enters the service himself $350:" on the 4th of April the man was mustered into the service, and served his term. *Held,* that he could not recover the bounty.

3. The Act of March 15th 1865 is wholly discretionary as to the payment of bounties to drafted men.

May 22d 1867.   Before Woodward, C. J., Thompson and Agnew, JJ.   Strong and Read, JJ., absent.

Error to the Court of Common Pleas of *Franklin county.*

This was an amicable action, entered March 17th 1866, and case stated between William Zumbro, plaintiff, and Guilford

[Guilford School District v. Zumbro.]

Township School District, defendants. The case showed these facts:—

Zumbro was a citizen of Guilford township subject to military service. He was drafted on the 18th day of March to fill the quota of that township. On the 25th of March 1865 the school directors of the district passed this resolution: " That the board agree to levy another tax sufficiently large enough to give each drafted man who furnishes a substitute or who enters the service himself the amount of $350." On the 4th of April Zumbro reported to the provost-marshal, was regularly mustered into the service on the 5th of April and continued therein till honorably discharged, July 22d 1865. The township obtained a credit for the plaintiff in filling her quota.

On these facts the plaintiff claimed the bounty of $350, and the court gave judgment in his favor for that sum.

The defendant removed the case to the Supreme Court. The judgment entered by the court was the error assigned.

*F. M. Kimmell,* for plaintiff in error, cited Act of March 15th 1865, Pamph. L. 24.

*G. W. Brewer, J. McD. Sharpe, J. R. Orr* and *Stambaugh & Gehr,* for defendant in error, cited Acts of 25th of March 1864, Pamph. L. 85; August 25th 1864, Pamph. L. 986; March 15th 1865, Pamph. L. 24; School District of Mifflin Township *v.* Learn, 3 P. F. Smith 180 ; Weister *v.* Hade, 2 Id. 474; Mc-Masters *v.* Commonwealth, 3 Watts 292 ; Fenelon's Petition, 7 Barr 175 ; Kirby *v.* Shaw, 7 Harris 258 ; Schenley *v.* City of Allegheny, 1 Casey 128 ; Sharpless *v.* The Mayor of Philadelphia, 9 Harris 158 ; Speer *v.* Sch. Dir. of Blairsville, 14 Wright 150.

The opinion of the court was delivered, October 31st 1867, by

AGNEW, J.—This is not a case of contract. A conscript, unlike a volunteer, enters the service compulsorily. There is no point in the progress of the draft where he can stop and say, I will not serve unless I obtain a bounty. In the absence of an express agreement, there is no ground upon which the law can imply his consent to serve for the offered reward. The decided cases applicable to volunteers do not govern this. If sustainable at all, it must be supported only on the ground of a debt or duty *virtute statuti.* But the Act of 15th March 1865, Pamph. L. 24, leaves it wholly discretionary as to the payment of bounties to drafted men. It may be paid to the family instead of the conscript, and at such time and in such sums as the authorities deem it proper. The resolution of the school board of Guilford, passed upon the 25th of March 1865, after Zumbro was drawn, was not a

5 P. F. SMITH—28

[Guilford School District *v.* Zumbro.]

resolution to pay a bounty to any one, but a determination only to proceed to levy a tax sufficient to pay bounties to drafted men. But the authorities stopped there—made no levy and collected no tax for this purpose. They dropped the proceeding, and who was there to compel them to go on ? No one had acquired an interest by appropriation to himself or to a class of which he was one. No court would award a mandamus against the directors, and certainly it could find no elements to support a contract or raise a duty.

By the terms of the stated case, judgment for the plaintiff can be entered only in the event of the court being of opinion that he is entitled to recover. He must satisfy us, therefore, that the facts stated raise a contract or a duty to pay. The facts do not warrant this conclusion, and judgment must, therefore, be reversed.

> Judgment reversed, and judgment for the defendant below upon the case stated.